NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAHSHARD J. JOHNSON,** | Civil Action No. 17-2236 (JMV) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **U.S. MARSHAL, and ESSEX COUNTY CORRECTIONAL FACILITY,** | |
| **Defendants.** | |

**VAZQUEZ**, United States District Judge

On April 3, 2017, Plaintiff Rahshard J. Johnson, a pretrial detainee confined at Essex County Correctional Facility, initiated a civil rights action, seeking to proceed without prepayment of fees or security ("*in forma pauperis*" or "IFP"). (ECF No. 1.) The Court terminated this action without prejudice because Plaintiff failed to submit a properly completed IFP application pursuant to 28 U.S.C. § 1915(a). (ECF No. 3.) On May 22, 2017, Plaintiff submitted a properly completed IFP application, establishing his financial eligibility for IFP status. (ECF No. 4.)

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must now dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

I. DISCUSSION

    A. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B.   The Complaint

Plaintiff alleges the following facts, which are accepted as true for purposes of screening the complaint.[1] Plaintiff is a pretrial detainee, held in Essex County Correctional Facility on orders by Federal authorities. (ECF No. 1, at 1 ¶¶2-3.) On July 14, 2016, Plaintiff was scheduled to have an MRI of his cervical spine at a hospital. (ECF No. 1, at 6-7, ¶13.) A U.S. Marshal refused to transport Plaintiff to the hospital for his appointment. (*Id.*) The Marshal was aware of Plaintiff's injury. (*Id.* at 7.)

In October 2016, Plaintiff was taken to see an orthopedic specialist in a "Dog Truck" used by Essex County Correctional Facility to transport inmates. (*Id.* at 9.) Plaintiff alleges the truck is unsafe and should not be used to transport inmates. (*Id.*.)

In October, Plaintiff's injury had "worsened." (*Id.*) Plaintiff alleges, verbatim:

> Patient was approved for Dermatologist and Neurologist and taking to UMDNJ for treatment, But never was approved for MRI cervical spine, which prove I was intentionally deny and neglected for a MRI cervical spine for non-medical reasons, so couldn't I properly be treated for my cervical spine, Neurologist wouldn't see me because I didn't have a MRI. (*Id.* at 8.) Plaintiff alleges he suffers pain and numbness on his right side, and stiffness and limited movement at times on his left side. (*Id.* at 9.) Finally, Plaintiff alleges he has filed a grievance and more than 20 sick calls, but "Essex County said they can't do anything without U.S. Marshall." (*Id.*)

(ECF No. 1 at 8.)

---

[1] The complaint is written on a form used for a Petition under 28 U.S.C. § 2241, but the Court construes the document as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

C.   Analysis

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

In *Bivens*, the U.S. Supreme Court held that a plaintiff could bring an action for damages against a federal official or employee for certain violations of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* claim is the federal analog to a § 1983 claim. *Iqbal*, 556 U.S. at 675. A *Bivens* action may lie for an Eighth Amendment conditions of confinement claim, such as deliberate indifference by a federal employee to an inmate's serious medical need, or deliberate indifference to a known risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 835-43.

1.   *Bivens* claim against unidentified U.S. Marshal

Plaintiff seeks to hold a U.S. Marshal[2] liable for denial of medical care because the Marshal refused to transport him to a hospital for an MRI of his cervical spine on July 14, 2016. (ECF No.

---

[2] It is not clear whether Plaintiff is claiming that the U.S. Marshal in this district is responsible or if he claiming that a person employed by the United States Marshal's Service (other than the

4

1 at 6-7.) The problem with the claim is that elsewhere in the complaint, Plaintiff alleges that, although he was approved to see a neurologist at UMDNJ, he was never approved for an MRI of his cervical spine. (*Id.* at 8.) The U.S. Marshal did not deny Plaintiff medical care by refusing to transport him for medical treatment unapproved by the medical staff at Essex County Correctional Facility. This claim will be dismissed without prejudice. Plaintiff may amend the claim, and he should clarify who refused to approve his request for an MRI, and how that refusal was deliberately indifferent to a serious medical need.

        2.        <u>Section 1983 claim against Essex County Correctional Facility</u>

Plaintiff sued the Essex County Correctional Facility for injunctive relief to prevent it from using a "Dog Truck" to transport inmates. (ECF No. 1 at 9.) A county correctional facility is not a "person" who can be sued under § 1983. *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013.) The proper defendant to a § 1983 claim based on a local government policy or custom that violates an inmate's constitutional rights is the local government responsible for the policy or custom. *See e.g. Butler v. Lamont*, 672 F. App'x 139, 142 (3d Cir. 2016.) The Eighth Amendment requires humane conditions of confinement, and liability may be found if the defendant knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. In the context of municipal liability, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

---

Marshal himself) is liable. Although not clear, it appears to the Court that Plaintiff is claiming the latter. If Plaintiff files an amended complaint, he should clarify who he believes to be responsible.

Here, however, Plaintiff fails to plausibly plead an Eighth Amendment claim because he does not allege how the "Dog Truck" is unsafe for transportation of inmates, or how the County of Essex, by its policy or custom, is deliberately indifferent to that risk. The Court will dismiss this claim without prejudice. Plaintiff may amend this claim by alleging additional facts, and he must bring the claim against the proper defendant.

II. CONCLUSION

For the reasons set forth herein, the Court grants IFP status but dismisses the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

An appropriate Order follows.

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge

Date: 6/5/17