NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHSHARD J. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN CHARLES GREEN; PAUL O'CONNOR, M.D.; and U.S. MARSHAL DANNY ABLE,<br><br>　　　　　Defendants. | Civil Action No. 17-2236 (JMV)<br><br>**OPINION** |

**VAZQUEZ**, United States District Judge

On April 3, 2017, Plaintiff Rahshard J. Johnson, a pretrial detainee confined at Essex County Correctional Facility, initiated a civil rights action seeking to proceed without prepayment of fees or security ("*in forma pauperis*" or "IFP"). (ECF No. 1.) The Court terminated this action without prejudice because Plaintiff failed to submit a properly completed IFP application pursuant to 28 U.S.C. § 1915(a). (ECF No. 3.) On May 22, 2017, Plaintiff submitted an IFP application, establishing his financial eligibility for IFP status. (ECF No. 4.) The Court granted IFP status, screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and dismissed the complaint without prejudice for failure to state a claim. Now before the Court for screening is Plaintiff's amended complaint, filed on June 23, 2017. (ECF No. 7.)

I.　　DISCUSSION

　　A.　　*Sua Sponte* Screening

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

B.   The Complaint

Plaintiff alleges the following facts, which are accepted as true for purposes of screening the amended complaint. Plaintiff has been confined in Essex County Jail for two years. (ECF No. 7 at 1.) Dr. Paul O'Connor scheduled Plaintiff for an MRI of the cervical spine. (*Id.*) On July 14, 2016, U.S. Marshal Danny Able[1] refused to transport Plaintiff for his MRI because he thought Plaintiff was going to be transferred to BOP custody and because the request for transport had not been approved by the U.S. Marshal's Service headquarters in Virginia. (*Id.*)

Plaintiff was scheduled to follow up with Dr. O'Connor or Nurse "Sheryl" more than five times but was never called to see them. (*Id.*) Unit correctional officers called the medical department on Plaintiff's behalf, and they were told that there were other cases that presented more of an emergency. (*Id.*) Therefore, Plaintiff asserts that Dr. O'Connor and Nurse Sheryl[2] failed to provide him with proper medical attention. (*Id.*)

Plaintiff also alleges Essex County's use of a dog truck to transport detainees to Federal Court violates his constitutional rights. (*Id.*) Detainees transported in the dog truck wear ankle shackles and have their cuffed hands chained to their waists. (*Id.*) They sit on metal benches in cages without seat belts. (*Id.*) During transport, Plaintiff bounced and slid on the metal bench, causing further injury to his neck, back and spine, as well as numbness on his right side. (*Id.*)

---

[1] The Court notes that Mr. Able works with the United States Marshal's Service in the District of New Jersey, but he is not the Marshal. This fact does not impact the Court's analysis.

[2] Plaintiff did not include Nurse Sheryl as a defendant in the caption of the amended complaint. Even if Plaintiff intended to bring a claim against Nurse Sheryl, he has not alleged any facts indicating what she knew about his medical condition or how she was deliberately indifferent. If Plaintiff wishes to bring a claim against Nurse Sheryl, he should include her in the caption of his second amended complaint and explain how she was deliberately indifferent to his serious medical needs. Allegations of medical malpractice are not enough to establish deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Furthermore, Plaintiff has spent two years sleeping on a metal bed without proper padding. (*Id.*) Plaintiff seeks damages and injunctive relief. (*Id.* at 2.)

C. <u>Analysis</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violation of his constitutional rights by a state official or employee. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

There is no federal statute similar to 42 U.S.C. § 1983 that creates a civil action for damages when a *federal* official violates a person's constitutional rights. In *Bivens*, the United States Supreme Court held that a plaintiff had an implied cause of action for damages against a federal official or employee for violating the Fourth Amendment's prohibition of unreasonable search and seizures. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* claim is the federal analog to a § 1983 claim. *Iqbal*, 556 U.S. at 675.

Recently, the Supreme Court held that if a *Bivens* claim arises in a new context not previously recognized by the Supreme Court, a special factors analysis is required before allowing a damages suit against federal officials to proceed. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1859-60

4

(2017). The other two contexts where the Supreme Court recognized an implied *Bivens* cause of action involved (1) an administrative assistant who sued a Congressman for gender discrimination under the Fifth Amendment's Due Process Clause, and (2) a prisoner's estate that sued federal jailers under the Eighth Amendment Cruel and Unusual Punishments Clause for failing to treat the prisoner's asthma. *Id.* at 1854.

1. *Bivens* claim against U.S. Marshal Danny Able

The Court reserves on the issue of whether there is a *Bivens* remedy against a U.S. Marshal for failing to transport a pretrial detainee to a medical appointment because, even if such a remedy is recognized, Plaintiff failed state a claim. A pretrial detainee's claim of denial of adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). "[T]he Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,' without deciding whether the Fourteenth Amendment provides greater protections." *Id.* (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n. 40 (1977)).

"[F]or a denial of medical care to constitute a violation of the Fourteenth Amendment, [a plaintiff] must demonstrate: '(i) a serious medical need, and (ii) acts or omissions by [the named officers] that indicate deliberate indifference to that need.'" *Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 (3d Cir. 2016) (quoting *Natale*, 318 F.3d at 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999))." "[A] medical need is "serious" for purposes of a denial of medical care claim if it is either 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a

doctor's attention.'" *Id.* at 139 (quoting *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (additional citations omitted)).

The second requirement of a Fourteenth Amendment inadequate medical care claim is that the defendant(s) acted with deliberate indifference, in other words, he "knows of and disregards an excessive risk to [a complainant's] health or safety." *Id.* at 140 (quoting *Natale* at 582) (additional citations omitted)). For claims evaluated pursuant to Eighth Amendment standards, deliberate indifference is a "subjective standard of liability" and thus a defendant cannot be held liable unless he or she "knows of and disregards an excessive risk to [a complainant's] health or safety." *Id.* (quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference is "evident" where: "(i) the denial of reasonable requests for medical treatment [] expose the complainant to undue suffering; (ii) knowledge of the need for medical care and the intentional refusal to provide such care; or (iii) the delay of necessary medical treatment for non-medical reasons." *Id.* at 139 (citing *Lanzaro*, 834 F.2d at 346–47).

Plaintiff alleges that he had a neck injury and that Dr. O'Connor ordered an MRI of Plaintiff's cervical spine, which was to be performed on July 14, 2016, but U.S. Marshal Danny Able refused to transport Plaintiff. Because Dr. O'Connor ordered an MRI of Plaintiff's cervical spine, the Court assumes that Plaintiff had a serious medical need.

To state a claim, Plaintiff must also plead facts sufficient to show Able's deliberate indifference to his serious medical needs. Plaintiff alleged only that Able refused to transport him because he believed Plaintiff was going to be transferred to the BOP and that Plaintiff needed permission from the U.S. Marshals' Service headquarters. Plaintiff did not allege facts suggesting Able knew that a delay in obtaining an MRI of Plaintiff's cervical spine would pose an excessive

6

risk to his health or cause undue suffering. It is not clear when Able thought Plaintiff was going to be transferred to the BOP, or if Plaintiff was still waiting for permission for his transport from the headquarters in Virginia. These unknown and unalleged facts are relevant to whether Able was deliberately indifferent. This claim is dismissed without prejudice.

2. Fourteenth Amendment claim against Dr. O'Connor

For purposes of screening the amended complaint, the Court will infer that Dr. O'Connor is a state actor because he was contracted by the State to provide medical care to inmates at Essex County Correctional Facility. *See Johnson v. Stempler*, 373 F. App'x 151, 153-54 (3d Cir. 2010) (private prison doctors working under contract with the government act "under color of state law" for purposes of § 1983 and may be sued under that statute) (quoting *West*, 487 U.S. at 54-57.) The Court also infers that Plaintiff has a serious medical need of a neck injury because Dr. O'Connor ordered an MRI of Plaintiff's cervical spine.

Plaintiff alleges that his follow-up with Dr. O'Connor was rescheduled more than five times because the medical department told him other inmates presented more of an emergency. Plaintiff has not alleged how long this delay lasted or if Dr. O'Connor himself was aware of the delay. Plaintiff has not alleged that he was not receiving any treatment for his neck injury during this time or that the delay in follow-up caused him undue suffering or permanent injury. The current allegations are insufficient to establish Dr. O'Connor's deliberate indifference. This claim is also dismissed without prejudice

2. Fourteenth Amendment claim against Warden Charles Green

Although not explicit in the amended complaint, the Court assumes Plaintiff's claim against Warden Green is based on the use of a dog truck to transport Plaintiff to a medical appointment. Plaintiff alleged his transport in the dog truck caused further injury to his neck and

7

spine because he bounced around on a metal bench unsecured by a seat belt. The Eighth Amendment requires humane conditions of confinement, and liability may be found if the "defendant knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The deficiency in Plaintiff's claim is that he does not allege that Warden Green was aware that Plaintiff was being transported in the dog truck or that he knew of the risk of further injury to Plaintiff's neck and spine by transporting him in this manner. This claim is dismissed without prejudice.

Plaintiff further alleges that he slept on a metal bed without proper padding in Essex County Jail for two years. The Court assumes this claim is also brought against Warden Green. Plaintiff, however, has not alleged that a physician ordered that he receive additional bedding or that Green prevented him from receiving it. *See Dykeman v. Ahsan*, 560 F. App'x 129, 132-33 (3d Cir. 2014) (allegation that prisoner was medically prescribed an extra mattress but prison official prevented him from receiving it stated an Eighth Amendment claim). Indeed, like the truck transport, Plaintiff has not alleged that Warden Green was aware that of Plaintiff's bedding situation.

Moreover, a claim of insufficient padding on the beds is not adequate to state a claim that pretrial detainees are subject to unconstitutional conditions of confinement. "The Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Pretrial detainees are subject to unconstitutional conditions of confinement where the conditions "'cause inmates to endure such genuine privations and hardship over an extended period of time,' that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Hubbard v. Taylor*, 538 F.3d 229, 233 (2008).

"[E]ffective management of the detention facility . . . is a valid objective that may justify impositions of conditions and restrictions of pretrial detention and dispel any inference that such

8

restrictions are intended as punishment." *Union County Jail Inmates v. DiBuono*, 713 F.2d 984, 991 (quoting *Bell v. Wolfish*, 441 U.S. at 540). Effective management of a detention facility undoubtedly includes providing beds and bedding to the inmates. The question at issue is whether the alleged condition of "improper padding" on the beds caused Plaintiff to endure genuine hardship over an extended period of time. Plaintiff slept on the uncomfortable bed for two years, which is an extended period of time. However, Plaintiff's allegation that the padding on the bed was "improper" is too vague to describe a genuine privation or hardship. This claim is likewise dismissed without prejudice.

## II. CONCLUSION

For the reasons set forth herein, the Court dismisses the amended complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

An appropriate Order follows.

December 26, 2017
At Newark, NJ

                                                        s/ John Michael Vazquez
                                                        JOHN MICHAEL VAZQUEZ
                                                        United States District Judge