# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAHSHARD J. JOHNSON**  Plaintiff,  v.  **U.S. MARSHAL, et al.,**  Defendants. | Civil Action No. 17-2236 (JMV)  **OPINION AND ORDER** |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Rashard J. Johnson for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 22]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 22] is **DENIED**.

Plaintiff initiated this action on April 3, 2017 by filing a Complaint and an application to proceed *in forma pauperis*. ECF No. 1.[1] Following the denial of Plaintiff's *in forma pauperis* application, Plaintiff submitted a new application with the required documents. ECF No. 4. On June 5, 2017, the Court granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to file Plaintiff's Complaint; however, the Complaint was subsequently dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(i), but providing the right for Plaintiff to file an amended complaint to address identified deficiencies. ECF No. 6.

On June 23, 2017, Plaintiff filed his First Amended Complaint. ECF No. 7. On December 26, 2017, the Court subsequently dismissed Plaintiff's First Amended Complaint without prejudice

---

[1] On May 11, 2017, the Court denied Plaintiff's *in forma pauperis* application without prejudice and with the right to submit a revised application within thirty days. ECF No. 3.

for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(i), but providing the right for Plaintiff to file a second amended complaint to address identified deficiencies. ECF No. 9. Plaintiff thereafter filed his Second Amended Complaint on January 9, 2018. ECF No. 11. Plaintiff's claims in his Second Amended Complaint arise from Defendants' alleged deliberate indifference to his serious medical condition—a cervical spine injury. *See id.* at pp. 2-13. On February 13, 2019, the Court permitted Plaintiff's claims against Defendants Paul O'Connor, Dr. Lionel Anicette and Dr. Syed Rizvi to proceed while claims against all other defendants were dismissed. *See* ECF Nos. 17, 18.

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court

of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's remaining claims were screened by the Court and allowed to proceed, and for the purposes of the present motion the Court will assume that Plaintiff's surviving claims have at least some merit. Presently, regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, two Amended Complaints, several letters to the Court, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. Plaintiff's application for *pro bono* counsel states: "imprisonment will greatly limit his ability to litigate and the issues involved in this complaint are complex" and his claims "will require significant research and investigation," but he "has limited access to the law library and limited knowledge of the law." ECF No. 22 at p. 1.

Although Plaintiff states that he has limited access to certain resources and his claims will require research and investigation, Plaintiff fails to explain how this will affect his ability to present his case. Furthermore, Plaintiff does not explain how the legal issues are complex. In this matter, it appears, in fact, that the remaining legal issues are not complex, but straightforward, which weighs against appointment of counsel.

Plaintiff also states that this action will "likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses." ECF No. 22 at p. 2. While the appointment of counsel may be warranted in cases that turn on credibility determinations and require testimony from expert witnesses, at this stage in the litigation, it is premature for the Court to consider such factors.

Plaintiff provides little information relevant to the remaining *Tabron* factors. Upon the Court's own review of this matter, it appears that no extensive factual investigation will be required. Finally, while the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause

shown;

**IT IS** on this **17th** day of **December, 2019**,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 22] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**