<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHSHARD J. JOHNSON, | Civil Action No. |
| | 17-2236 (JMV) (AME) |
| Plaintiff, | |
| v. | **OPINION** |
| PAUL O'CONOR M.D., et al., | |
| Defendants. | |

**VAZQUEZ, District Judge:**

Plaintiff was formerly detained at the Essex County Correctional Facility in Newark, New Jersey. Before the Court is Plaintiff's Second Amended Complaint ("hereinafter Complaint") raising claims pursuant to 42 U.S.C. § 1983. (D.E. 11.) The Court had issued an Order to Show Cause as to why the Court should not dismiss this matter under Federal Rule of Civil Procedure 41(b). (D.E. 69.) Plaintiff did not submit a response. For the reasons explained in this Opinion, the Court will dismiss this matter without prejudice.

**I.     BACKGROUND**

This case arises from Plaintiff's medical care when he resided at the Essex County Correctional Facility. Plaintiff alleged that he was suffering from a serious medical condition related to a cervical spine injury. (D.E. 11, at 1–2.) Plaintiff indicated that the Defendants denied or delayed medical treatment regarding his spine injury. (*Id.* at 1–14.)

Plaintiff filed the instant Complaint in January of 2018, and the Court allowed the case to proceed in part in February of 2019. (D.E. 11, 18.) After the conclusion of discovery, Defendants

requested leave to file a motion for summary judgment in October of 2021. (D.E. 60.) On November 9, 2021, the Court ordered Plaintiff to submit his arguments in response, a responsive statement of material facts, and a supplemental statement of disputed material facts. (D.E. 63.) The Court provided Plaintiff until November 23, 2021, to submit those documents. (*Id.*) Over a year later, in February of 2022, Plaintiff submitted a request for an extension of time, due to the COVID-19 pandemic, and the Court extended his deadline to June 24, 2022. (D.E. 66.) The Court advised that there would be no further extensions. (*Id.*) The Court sent the Order to Plaintiff by certified mail and received the return receipt. (D.E. 67.) Despite receiving the extension, Plaintiff did not submit the required documents or otherwise respond to the Court.

In February of 2023, the Court issued an Order to Show Cause to Plaintiff as to why the Court should not dismiss this matter under Rule 41(b) for failure to prosecute and for failure to comply with the Court's Orders. (D.E. 69.) Plaintiff did not submit a response. As of the date of this Opinion, Plaintiff has not responded to the Court since February 22, 2022.

## II.   STANDARD OF REVIEW & ANALYSIS

"The sanction of dismissal is an available tool within the district court's discretion to regulate its docket." *Duda v. Rentokil N. Am., Inc.*, No. 18-13930, 2020 WL 1227526, at *2–5 (D.N.J. Mar. 12, 2020) (quoting *Khan v. Guardian Life Ins. Co. of Am.*, No. 16-253, 2017 WL 3317302, at *1 (D.N.J. Aug. 2, 2017)). Federal Rule of Procedure 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, dismissal is warranted only in extreme cases. *Poulis v. State Farm Fire & Cos. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). If a court is considering dismissing a case pursuant to Rule 41(b), it must apply the six-factor *Poulis* test to determine whether dismissal is warranted. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir.

2013). The *Poulis* factors are as follows:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the party's actions or inaction; (3) a *history* of dilatoriness; (4) whether the conduct of the party was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphases in original).

While a court must consider and balance all six of the *Poulis* factors, it can dismiss a complaint even if the case does not satisfy all six. *U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The decision to dismiss "must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373. Dismissal is ultimately a matter of the district court's discretion. *Id.* The Court addresses each *Poulis* factor in turn.

### A. Extent of the Party's Responsibility

The first *Poulis* factor concerns the extent of the party's responsibility in failing to prosecute. "Personal responsibility refers to whether the misconduct that occurred is attributable to the party or to the party's attorney." *Wortman v. Brown*, No. 05-1411, 2006 WL 1044787, at *2, (D.N.J. Apr. 18, 2006). When acting *pro se*, the party is considered personally responsible for his or her actions. *E.g.*, *Hoffman v. Palace Entm't*, 621 F. App'x 112, 114 (3d Cir. 2015). In situations that are directly attributable to a party's personal failure, this factor often weighs strongly in favor of dismissal. *See, e.g.*, *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) (holding that failure to attend scheduled depositions and comply with discovery requests was the personal responsibility of plaintiff); *Hoffman*, 621 F. App'x at 114 (weighing factor in favor of dismissal where *pro se* plaintiff failed to respond to discovery requests and court orders).

Here, Plaintiff has been proceeding *pro se* and is therefore solely responsible for his failures

3

to communicate with the Court.  Plaintiff has failed to comply with the Order to Show Cause, which directed Plaintiff to show cause as to why the Court should not dismiss the Complaint under Rule 41(b).  Plaintiff has brought this action to a standstill, without any explanation, which suggests that Plaintiff does not intend to continue litigating his claims.  Accordingly, the first *Poulis* factor weighs strongly in favor of dismissal.

### B. Prejudice to Other Parties

The second *Poulis* factor requires the Court to consider the prejudice to Defendants as a result of Plaintiff's failure to prosecute and failure comply with the Court's Orders.  Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Tr. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).  Prejudice can also be "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  Courts may also find that a plaintiff's failure to prosecute and follow court orders are "inherently prejudicial" to the defendant.  *Emerson v. Thiel College*, 296 F.3d 184, 190–91 (3d Cir. 2002).  In other words, a plaintiff's failure to participate in the case and comply with court orders can prejudice the defendant "by halting the progress of [an] action." *E.g.*, *Brooklyn Waffles, LLC v. Silk City Snacks LLC*, No. 20-15846, 2022 WL 2251127, at *2–4 (D.N.J. May 19, 2022).

Plaintiff's failure to participate in this case and comply with the Court's Orders has prejudiced the Defendants by halting the progress of this action and through the inevitable dimming of witnesses' memories. *Adams*, 29 F.3d at 874.  Plaintiff's last correspondence with the Court was approximately fourteen months ago, and there is no indication that Plaintiff intends to

4

resume prosecuting his claims.  Accordingly, the second *Poulis* factor weighs in favor of dismissal.

### C. History of Dilatoriness

The third *Poulis* factor requires the Court to look at the extent and history of Plaintiff's dilatoriness. "Extensive or repeated delays or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874.  In *Poulis*, the Third Circuit emphasized that counsel did not fail to comply in a timely manner on one occasion, but rather exhibited "a pattern of dilatoriness." *Poulis*, 747 F.2d at 868.  A failure to respond to court orders demonstrates a pattern of dilatory conduct. *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007).

Plaintiff has demonstrated a history of dilatoriness since October of 2021.  After the conclusion of discovery, Magistrate Judge Espinosa ordered a telephone conference which took place on October 25, 2021, but Plaintiff failed to dial in. (D.E. 60.)  As a result, Plaintiff failed to comply or respond to his first Order.  Then, on November 9, 2021, the Court ordered Plaintiff to submit his summary judgment arguments, a responsive statement of material facts, and a supplemental statement of disputed material facts. (D.E. 63.)  The Court provided Plaintiff until November 23, 2021, to submit those documents. (*Id.*)  The Court received no response from Plaintiff *until over a year later*, in February of 2022, when Plaintiff submitted a request for an extension of time, due to the COVID-19 pandemic. (D.E. 64.)  The Court granted his request and issued a second Order which extended his deadline to June 24, 2022. (D.E. 66.)  The Court advised that there would be no further extensions. (*Id.*)  As a of the date of this Opinion, Plaintiff has not complied with, or responded to, these two Orders.  Finally, in February of 2023, the Court issued an Order to Show Cause to Plaintiff as to why the Court should not dismiss this matter under Rule 41(b) for failure to prosecute and for failure to comply with the Court's Orders. (D.E. 69.)  Plaintiff

did not respond to the Order to Show Cause, and indeed, has not corresponded with the Court in nearly fourteen months. Accordingly, Plaintiff has demonstrated a pattern of dilatory conduct, and the third *Poulis* factor weighs strongly in favor of dismissal.

### D. Willfulness & Bad Faith Conduct

The fourth *Poulis* factor requires the Court to determine whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. If the record is unclear as to whether a party acted in bad faith, "a consistent failure to obey orders of the court" can support a finding that a party's actions are willful. *E.g.*, *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. Jun 19, 2012).

In this case, based on this record, the Court cannot conclude that Plaintiff has engaged in bad faith conduct. His repeated failures to comply with this Court's Orders, however, demonstrate that Plaintiff has willfully abandoned the litigation. Plaintiff has made no effort to comply with his obligations to prosecute his claims or explain his inability to do so, despite the Court's warning of the consequences of failing to prosecute this action. As a result, under the fourth *Poulis* factor, the Court finds that Plaintiff's conduct was willful, and weighs in favor of dismissal.

### E. Alternative Sanctions

The fifth *Poulis* factor requires the Court to consider alternative sanctions instead of dismissal. Alternative sanctions include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n. 6 (3d Cir. 1982). In some cases, alternatives may be preferable to dismissal. For example, in *Poulis*, the Third Circuit imposed fees directly on counsel because that was "[t]he most direct and therefore preferable sanction for the pattern of attorney delay." *Poulis*, 747 F.2d at 869. However, when the plaintiff

6

appears unwilling to proceed with the litigation, alternative sanctions are ineffective. *See Brooklyn Waffles*, 2022 WL 2251127, at *3; *Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *5 (D.N J. Sept. 12, 2013).

Here, sanctions other than dismissal would not be effective. The delays in this case are the result of Plaintiff's conduct alone, and Plaintiff appears uninterested in pursuing this case. Since Plaintiff has continuously disregarded the Court's Orders and has refused to correspond with the Court, the only sufficient sanction is dismissal. Therefore, the fifth *Poulis* factor weighs in favor of dismissal.

### F. Merits of the Claim

The final *Poulis* factor asks the Court to consider whether the claim or defense appears to be meritorious. "A claim or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70. In *Hoffman*, however, the Third Circuit expressed that a plaintiff's meritorious claim will not override a finding that the other factors lean in favor of dismissal. *Hoffman*, 621 F. App'x at 116. Stated differently, if the other factors favor dismissal, this factor will not prevent dismissal. *See Opta Sys.*, 483 F. Supp. 2d at 405 ("[T]he inclusion of this factor is largely neutral and does not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action."); *see also McEwen v. Mercer Cty. Correction Ctr.*, 05-2566, 2007 WL 1217357, at *4 (D.N.J. Apr. 5, 2007).

Here, in their letter requesting leave to file a motion for summary judgment, Defendants explained that:

> Following his incarceration at ECCF as a federal detainee, he was provided an MRI and surgery of the cervical spine was indicated. Cervical spine surgery was performed in August 2017 at UMDNJ/University Hospital.

7

> Plaintiff's claims, as limited by the Court's Order of February 3, 2019, arise between the time when he returned from the hospital post-surgery in August 2017 and his transfer into federal custody in March 2018.
>
> During this period of time, Plaintiff received referrals to specialists (Goldstein, Patel, Ploshchanskaya), was evaluated and treated by in-house orthopedic surgeons (O'Connor and Kaiser), evaluated and treated by correctional health care providers (Rizvi, Abdu Nafi, Ojelade, Melendez, Ojelade) with input from the facility medical director (Anicette) and had diagnostic testing performed in-house and through outside providers, such as x-rays, MRIs and lab tests. He also received medications for symptomatic treatment of pain and related complaints, including Robaxin, Gabapentin (Neurontin), Tylenol, Naprosyn and Tylenol iii with Codeine.
>
> Plaintiff's complaints are more directed to the results of his surgical treatment as opposed to post-surgery care. He did not achieve the results he would have preferred within the time-frame he expected. This does not amount to deliberate indifference to a serious medical need by the moving defendants. The defendants were not deliberately indifferent to Plaintiff's needs, provided diagnostic testing, medications and follow-ups consistent with complaints by Plaintiff and recommendations by specialists. In fact, the documentary evidence establishes a lack of deliberate indifference by these defendants. Further, orthopedic specialist Dr. Wendell Scott performed a thorough records review and independent medical examination of Plaintiff. His conclusions were that the surgery and the post-surgery treatment by the moving defendants were appropriate.

(D.E. 61, at 1–2.) Defendants also submitted a proposed statement of undisputed material facts, along with exhibits, which tend to corroborate the assessment that Defendants were not deliberately indifferent to Plaintiff's needs. (D.E. 61-1.) Defendants' position seem reasonable, and Plaintiff has not attempted to rebut them. As a result, it appears that Plaintiff's claims may ultimately lack merit, but the standard under *Poulis* is whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869–70.

In any event, given that the other five factors weigh in favor of dismissal, this factor is at

most "neutral" and will not prevent dismissal. In sum, each of the *Poulis* factors, save the final factor, weighs in favor of dismissal, and the final factor is at best neutral. Accordingly, the Court finds that dismissal of this case is appropriate.

### III. CONCLUSION

For the foregoing reasons discussed, the Court will dismiss the Complaint without prejudice. An appropriate Order accompanies this Opinion.

Dated __April 13_____, 2023

_____
JOHN MICHAEL VAZQUEZ
United States District Judge

9